Judge Undee-wooe
delivered the opinion of the court.
Thb appellants instituted an action of replevin against the'appellees, who severally plead non cepit. Stewart filed an additional plea, in which he made cognizance in virtue of an execution in favor of-Campbell, placed in his hands as deputy sheriff) against Wm. Dillard and S. T. Tennery.
The jury found a verdict in favor of Campbell without retiring from the bar, upon which judgment was rendered in his favor for costs. A verdict was likewise. found in ibvor of Stewart, but without designed- *677 mg on which of his pleas it was found. Upon this verdict, judgment de retorno habanio was rendered :n favor of Siewart and for costs. To reverse these judgments an appeal is prosecuted. There is no ground on which the judgment in- fav.or of Campbell can be reversed; for there is not a particle of evidence from which it can be interred, that be was either guilty of taking the goods in person, or instrumental, through any directions given, in causing them to betaken by Stewart.
Replevin agíünst S. & (J each pleads non cepil, S. in addition avows tlio taking in virtue of an execution verdicts to each,judgment in favor of D. for his costs and of M. De retorno habearto regular. If S. had not avo'.vod there, should have been but on<judgrnenf.
It is contended for the appellants that it was irregular and erroneous to render two verdicts and judgments against them, as was done. If the jury Lad found for Stewart upon the plea of non repit, we admit that it would have been most proper to have entered but one judgment in favor of the defendants. Rut if the finding in his favor was upon bis plea making cognizance, a separate judgment in his favor was indispensably necessary. Such a finding entitled him to ajudgmenWe retemo habmdo, which differed, altogether from the judgment Campbell was entitled to, upon his plea of non cepitp,mñ. consequently in such acaso, the objection to separate judgments ought not to prevail. Stewart, by making cognizance, became an actor, and an issue upon his plea of cognizance was formed upon the point, whether the goods in the declaration and plea mentioned were, or not, the goods of Dillard, and liable to be taken under the execution. If the finding of the jury in regard to Stewart applies to the issue, and we can know it from the record, then there is nothing objectionable in the form of the proceedings; but if the finding applies to the plea of non cepit, theu there is no verdict in the record which justifies the judgment de retorno habendo.
The language of the. verdict relative to Stewart is this: “We of the jury find for the defendant.” Now, shall this finding apply to both issues joined upon the plea of Stewart, or to one only; and if* to one, then which of them? It cannot apply to both, because that would involve a contradiction, for Siewart would escape the plaintiffs action upon the ground that he never took the goods, and likewise upon the ground, that he took them justifiably.
Either of these grounds, it is true, would sanction a verdict in favor of Stewart, but as the judgment to he *678 rendered would not be the same upon these different grounds, there is a necessity that it should appear, upon which ground the finding took place, so that the court may know what judgment to render. Does it so appear? We are of opinion that it does not. There is nothing in the record- which applies the finding of the jury to one of the issues more than the other. For this uncertainty, the verdict did not warrant the judgment de retorno habvido. The court, therefore, erred, rendering that judgment in favor of Stewart.
Two verdicts, newTriaí*r‘because the verdiet &c.” Court will not refuse to reverse because tionM«ithe singular. execution ani taking a deIlVGry boi}d? and the obiibis baiees'
*678 The case of Kerby vs. Hume, III Monroe, 181, shews that separate judgments may be rendered in the action of replevin, where there are more than one defendant. Stewart, in the present case, in availing himself of the right given by statute, to plead more than one plea, in his defence, seems not to have paid sufficient attention to his attitude as an actor, by making cognizance.. Upon another trial, he must recollect the distinction there is, between a judgment for costs against the plaintiffs,, merely in bar of their right to sue founded on the plea of non cepit, and a judgment de retorno habendo, founded upon a plea of cognizance or avowry.
It is contended by the appellees, that there can be no reversal, because the record does not shew whether ^le motion for a new trial was made to set aside the verdict and judgment in favor ofCampbell, or those in favor of Stewart.
We do not concur in this view of counsel. The mo-yon js mac]e for a new trial upon certain reasons. The second and third reasons assigned are in the same words, to wit: “Because the verdict of the jury is contrary to law and evidence.” It is difficult to account for the repetition, unless the counsel for the appellants intended thereby to apply the same reason for setting aside each verdict, and thus to reach both. If he had spoken in the plural number and said verdicts, we could not have seen the smallest ground for the objection, as then both would have been included, and either being erroneous, should have been corrected- under such a general motion. We regard the motion made, broad enough to comprehend both verdicts, and we are not disposed to see the law violated for the want of the addition of an s.
Judgment reversed be-did notdesignate upon which of two issues found-
Crittenden, for appellants; Mills and Brozan^ for appellees.
it is, moreover, urged, that there can be no reversal, because the whole evidence shews that the goods were never taken out of the possession of the appellants, and detained by the defendants. We are of opinion, that the law regards Stewart as being possessed from the levy of the execution, and that the appellants, having given a delivery bond, are but the bailers of Stewart, By so doing, they submitted to the conduct of Stewart, as an officer, so taras to waive their right oi sell in withholding the goods from him by force. They had such a right, if the goods were not liable to the cxecution against Dillard. Such a peaceable proceeding should be encouraged, and vve shall do it by regarding Stewart as having actually taken the goods out of the possession of the plaintiffs and detained them. Such are the consequences resulting, by operation of law, from the levy and execution of the delivery bond. “If the lord distrain his tenant’s cattle wrongfully, and afterwards the cattle return back to the tenant, yet shall the tenant have a replevin against the lord for those cattle.” Bacon’s Abridgment, title Replevin, letter F.
This case shews, that it is not indispensable that the defendants should detain the goods. A wrongful taking is sufficient to maintain the action. The levy of the execution was such a taking, and a divesture of the possession, at least until the delivery bond was executed, provided the goods were the property of the appellants.
Whether the goods did or did not belong to the appellants, is a question that depends upon the fact, whether the contract between them and Dillard was so far completed as to vest the title in him or not. The question belongs to the jury upon the evidence of the case.
For the uncertainty in the verdict, in respect to Stewart, the same not having been made responsive to either issue,the Chief Justice dissenting, the judgment in his favor is reversed, and set aside, and the cause remanded for a new trial as to him.
Stewart must pay the appellants their costs, and ed. they must pay costs to Campbell.
*680 Without dccid;ng wjielher, as the goods were not, in £,IC^ (_a}£en from [lla possession of Lyon Si Co., they could maintain replevin, it is my opinion that Stewart ought, on the whole case, to have succeeded; and l am unwilling to '/jrjsumr: that the jury found their verdict on the g.ound that he had not taken the goods, especially as there was no controversy as to the fact of taking. Moreover, as the jury found unot guilty,” as to the party who pleaded non cepit only, and found a verdict in different form in favor of Stewart, the proper inference ■is, that they found for him on his pica of justification.
I, therefore, .cannot agree to .reverse the judgment.